# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RICARDO BAUTISTA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. CV-14-S-458-NE |
| | ) |
| **EL COYOTE MEX** | ) |
| **RESTAURANT, INC. and** | ) |
| **ARMANDO ORTEGA,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ricardo Bautista, filed this case on March 14, 2014, asserting claims against his employer, El Coyote Mex Restaurant, Inc. ("El Coyote"), and an individual named Armando Ortega, who apparently is the owner of El Coyote, for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA").[1] The case currently is before the court on defendants' motion to dismiss,[2] and motion to stay discovery pending resolution of the motion to dismiss.[3] Upon consideration of the motion, pleadings, and briefs, the court concludes that the motion to dismiss should be denied without prejudice to defendants' right to re-file a similar motion, but only after plaintiff files an amended complaint, and assuming the

---

[1] *See* doc. no. 1 (Complaint).

[2] Doc. no. 8.

[3] Doc. no. 10.

allegations of that amended complaint merit another motion to dismiss. Defendants' motion to stay will be denied as moot.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>
> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556. The plausibility standard is not akin to a "probability requirement," but it

asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief*.

*Iqbal*, 556 U.S. at 678-79 (emphasis added).

3

## II. RELEVANT ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff, Ricardo Bautista, has been employed by defendants since June of 2011, and he continued to be employed by defendants when he filed his complaint on March 14, 2014.[4]  Plaintiff asserts that defendants have committed two violations of the FLSA:  *i.e.,* for failure to pay him for all hours worked, in violation of 29 U.S.C. § 206, and failure to pay overtime, in violation of 29 U.S.C. § 207.

To support his first claim, plaintiff offers the following allegations:

> 13.  The plaintiff Ricardo Bautista, has not been paid for all of the hours he has worked; specifically the plaintiff has not been compensated for his labor, either at the minimum rate or the premium overtime rate under the Fair Labor Standards Act.
>
> 14.  The defendants El Coyote Mex Restaurant, Inc. and Armando Ortega, have willfully failed to comply with the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206, specifically by failing to pay the plaintiff, Ricardo Bautista, for the hours he labored for the defendants' benefit.[5]

He also alleges:

> 17.   The defendants, El Coyote Mex Restaurant, Inc. and Armando Ortega, have willfully failed to compensate the plaintiff for hours worked during the period of their [*sic*] employment.
>
> 18.  The plaintiff was not exempt from the protections of the Fair Labor Standards Act.

---

[4] Complaint ¶ 11.
[5] *Id.* ¶¶ 13-14.

> 19.  The defendants, El Coyote Mex Restaurant, Inc. and Armando Ortega, by such failure, have willfully violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206.[6]

To support his second claim, plaintiff alleges that defendants "have willfully failed to comply with the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, specifically by failing to pay the plaintiff, Ricardo Bautista, at the premium overtime rate for each hour over forty each week he worked."[7]  He also states:

> 21.  The defendants, El Coyote Mex Restaurant, Inc. and Armando Ortega, willfully failed to compensate the plaintiff at the premium overtime rate for all hours worked above forty in each work week.
>
> 22.  The plaintiff was not exempt from the protections of the Fair Labor Standards Act.
>
> 23.  The defendants, El Coyote Mex Restaurant, Inc. and Armando Ortega, by such failure, have willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.[8]

As damages, plaintiff requests

> [a]ll amounts of wages that the plaintiff should have received under the Fair Labor Standards Act but for the defendants, El Coyote Mex Restaurant, Inc. and Armando Ortega, [*sic*] willful violation of their rights, plus an equal amount in liquidated damages pursuant to the

---

[6] *Id.* ¶¶ 17-19 (alteration supplied).

[7] *Id.* ¶ 15.

[8] *Id.* ¶¶ 21-23.

Fair Labor Standards Acts [*sic*], 29 U.S.C. § 216(b) . . . .[9]

## III. DISCUSSION

Defendants argue that, because plaintiff has failed to adequately allege a willful violation of the FLSA, his claims are limited by the ordinary two-year statute of limitations governing FLSA claims, not the three-year statute governing willful violations of the FLSA.  *See* 29 U.S.C. § 255(a) (setting forth the two-year statute of limitations for ordinary FLSA claims and the extended three-year statute for willful violations).

To establish willfulness, plaintiff must show that defendants "'either knew or showed reckless disregard for the matter of whether [their] conduct was prohibited by the statute.'" *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012). (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)) (alteration supplied).  "Neither negligence, nor even unreasonable conduct, is sufficient to prove willfulness." *Ojeda-Sanchez*, 499 F. App'x at 902-03 (citing *Allen v. Board of Public Education for Bibb County*, 495 F.3d 1306, 1324 (11th Cir. 2007)).  Plaintiff has pled no facts tending to prove defendants' knowledge or reckless disregard for the illegality of their conduct.  In fact, plaintiff has done nothing more than include various forms of the word "willful" in its allegations.

---

[9] *Id.* at 5 (damages clause) (alterations supplied).

Such conclusory allegations are insufficient to satisfy plaintiff's burden to plead willfulness.

Rather than dismissing plaintiff's willfulness claims and limiting his FLSA claims to violations that fall within the ordinary two-year statute of limitations, however, the court will give plaintiff *one* opportunity to cure his pleading deficiencies through the filing of an amended complaint.

### IV.  CONCLUSION AND ORDERS

In accordance with the foregoing, defendants' motion to dismiss is DENIED without prejudice.  Plaintiff is ORDERED to file an amended complaint on or before June 10, 2014.  Defendants may renew their motion to dismiss in response to the amended complaint, if necessary.  Defendants' motion to stay discovery is DENIED as moot.

DONE this 30th day of May, 2014.

             _____
             United States District Judge